UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RHONDA LANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:11-0217 |
| | ) | Judge Campbell/Bryant |
| TENNESSEE PRISON FOR WOMEN, | ) | **Jury Demand** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Plaintiff has filed her "Motion For Court To Order Release Of Medical Records" (Docket Entry No. 30) by which plaintiff seeks an order requiring defendant Correctional Medical Services ("CMS") to release a copy of plaintiff's medical records to her. Defendant CMS has filed a response in opposition (Docket Entry No. 32).

From the parties' motion papers, it appears that defendant CMS has agreed to provide plaintiff with copies of her medical records in exchange for plaintiff's signing a medical records release authorization that would cover all of her medical records, both at the Tennessee Prison for Women and elsewhere. It appears that plaintiff Lanning has refused to sign the provided medical records release authorization because (1) she wishes her authorization to be limited to her medical records located at MeHarry Hospital and at defendant CMS, and (2) she does not wish the authorization to include release of any psychiatric or psychological reports. As grounds for these proposed limitations,

plaintiff Lanning states "I do not believe these are essential to the pending case." (Docket Entry No. 32-3).

Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion to compel production of documents if an opposing party has failed to produce documents in response to a request for production made in accordance with Rule 34. In this case, however, it appears that plaintiff Lanning has not made a request for production prior to filing her motion for an order compelling CMS to produce her medical records. For this reason, plaintiff Lanning's motion is **DENIED**.

Nevertheless, in order to expedite discovery in this case, the Court finds that plaintiff's complaint in this case, which alleges in essence that defendants were deliberately indifferent to plaintiff's serious medical needs, places plaintiff Lanning's complete medical history, including any psychiatric and psychological history, squarely at issue in this case. Therefore, the Court finds that all of plaintiff Lanning's medical records, including any psychiatric and psychological records, are subject to discovery. Accordingly, the Court directs that counsel for defendant CMS shall supply plaintiff Lanning with an appropriate medical records release authorization covering her records, that plaintiff Lanning shall sign and return this release to counsel for defendant, and that defense counsel upon receiving copies of any

records pertaining to plaintiff shall immediately supply to plaintiff complete copies of all such records.

It is so **ORDERED**.

    s/ John S. Bryant
    JOHN S. BRYANT
    United States Magistrate Judge