IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RHONDA LANNING, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11-cv-0217 |
| | ) Judge Campbell/Bryant |
| TENNESSEE PRISON FOR WOMEN, et al., | ) |
| Defendants. | ) |

To: The Honorable Todd J. Campbell, Chief Judge

## **REPORT AND RECOMMENDATION**

### I. Introduction

By order entered March 3, 2011 (Docket Entry No. 5.), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motions.

Plaintiff Rhonda Lanning, an inmate housed at the Tennessee Prison for Women in Nashville, Tennessee, filed this pro se action *in forma pauperis* under 42 U.S.C. § 1983 against the following defendants: the Tennessee Prison for Women; Correctional Medical Services ("CMS"); and Cody Petry, an employee of Correctional Medical Services.[1] (Docket Entry No. 1.) Plaintiff seeks both compensatory damages and injunctive relief. (Id.) Defendant Tennessee Prison for Women has filed a motion to dismiss for failure to state a claim upon which relief can be granted. (Docket Entry No. 18.) Plaintiff responded to this motion on June 6, 2011. (Docket Entry No. 26.)

As further explained below, the undersigned recommends that the defendant's motion to

---

[1] In her August 2nd affidavit, Ms. Petry states that she worked for CMS as a Health Service Administrator at the Tennessee Prison for Women from January 1, 2011 through February 10, 2011 (Docket Entry No. 31-2 para. 2.).

dismiss the plaintiff's action for failure to state a claim be GRANTED.

## II. Factual Background

Plaintiff alleges the following in support of her complaint:

Plaintiff has been incarcerated at the Tennessee Prison for Women since December 5, 2008. (Docket Entry No. 1 at 4.) At some point during her incarceration, she fell ill from hepatitis C and cirrhosis. (Id.) Prison medical services did not provide her with proper care, leading plaintiff to file a formal grievance on August 10, 2010. (Id.) In particular, plaintiff claims that the Inmate Grievance Committee recommended that a specialist examine her regarding her condition but that, as of February 18, 2011, no specialist had examined her. (Id.) CMS's failure to provide plaintiff with adequate medical care caused her "undue stress and emotional harm that was compounded on top of an already stressful situation." (Id. at 5.)

Plaintiff further alleges that defendant Tennessee Prison for Women failed to enforce the Inmate Grievance Committee's decision or to ensure CMS' compliance with that decision. (Id. at 4-5.)

## III. Conclusions of Law

A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although Federal Rule of Civil Procedure

2

8(a)(2) requires merely a "short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than a "formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, the court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 129 S. Ct. at 1949-50; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff." Iqbal, 129 S. Ct. at 1950. While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

      B. Analysis of the Motion

Defendant Tennessee Prison for Women seeks to dismiss plaintiff's complaint against it, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a claim upon which relief can be granted. (Docket Entry No. 18.) Specifically, defendant asserts that it is (1) a state agency immune from suit under the 11th Amendment, and (2) not a "person" subject to suit under 42 U.S.C. § 1983. (Id.) For the following reasons, the undersigned finds that defendant is both immune from suit and an improper defendant under § 1983, and that plaintiff therefore fails

to state a claim against defendant upon which relief can be granted.

        a. *Tennessee Prison for Women is Immune from Suit Under the 11th Amendment*

The Eleventh Amendment explicitly prohibits suits "in law or equity" against a state by "Citizens of another State, or by Citizens of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has read this prohibition broadly, finding it to bar suits by citizens against their own states and state agencies as well. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

In her response to defendant's motion to dismiss, plaintiff argues that Eleventh Amendment immunity does not protect states from claims for injunctive relief (Docket Entry No. 26.), citing the Western District of Tennessee case, Middlebrook v. State of Tennessee, 2008 WL 2002521, No. 07-2373 (W.D. Tenn. May 6, 2008). Middlebrook, however, does not support plaintiff's argument. While the court in Middlebrook recognized that Eleventh Amendment immunity will not always protect *state officers* acting in their official capacity, the court did not disrupt the settled understanding that the Eleventh Amendment fully immunizes *states* and *state agencies*. Id. at *5 (citing Ex Parte Young, 209 U.S. 123, 159-60 (1908)). Plaintiff, in her response, does not dispute that the Tennessee Prison for Women is a state agency.

There are two exceptions to state immunity under the Eleventh Amendment, but neither applies here. The first exception arises when Congress expressly abrogates state sovereign immunity through legislation. Quern v. Jordan, 440 U.S. 332, 343-44 (1979). Plaintiff, however, has brought her suit under 42 U.S. § 1983, and the Supreme Court has found that Congress did not intend for that statute to "sweep away the immunity of the States." Id. at 345.

4

The second exception arises when a state waives its sovereign immunity.  Pennhurst, 465 U.S. at 99 ("[T]he Court has consistently held that a state may consent to suit against it in federal court.").  But Tennessee has not done so.  Johnson v. Smoot, 2009 WL 890035, at *7 (M.D. Tenn. Mar. 30, 2009) (citing American Civil Liberties Union of Tennessee v. Tennessee, 496 F. Supp. 218, 220 (M.D. Tenn. 1980)).

Since defendant is a state agency and since no exception applies, the Eleventh Amendment immunizes defendant from plaintiff's suit.

### b. Tennessee Prison for Women is not a "Person" under 42 U.S.C. § 1983

Title 42, section 1983 of the United States Code creates a cause of action against "any person" who deprives another of "any rights, privileges, or immunities secured by the Constitution and laws."  While the statute itself does not define "person," the Supreme Court has expressly held that "a State is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989).  The defendant, as a state agency, is an "arm of the state," and is no more of a person than the state as a whole. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).  The Tennessee Prison for Women is therefore not a proper defendant under § 1983.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendant Tennessee Prison for Women's motion to dismiss be GRANTED, and that the claims against it be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 17th day of October, 2011.

                                                    s/ John S. Bryant
                                                    JOHN S. BRYANT
                                                    UNITED STATES MAGISTRATE JUDGE